SPRINGDALE SCHOOL DISTRICT # 50
OF WASHINGTON COUNTY,
Appellant,

v.

Sherry GRACE, a Minor, and Albert and JoAnn Grace, Individually and as Parents of Sherry Grace; Arkansas State Department of Education; State Board of Education; Wayne Hartsfield as Chairman of the State Board of Education; Mrs. James W. Chestnutt, Jim Dupree, T.C. Cogbill, Jr., Mrs. Alice L. Preston, Harry A. Haines, Dr. Harry P. McDonald, Robert L. Newton and Walter Turnbow as Members of the State Board of Education; Don R. Roberts, Director of the Department of Education, Appellees.

No. 80–1777.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 2, 1982.

Decided Nov. 8, 1982.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and NICHOL,* Senior District Judge.

ORDER

This case originally came before us on an appeal by Springdale School District # 50 of Washington County (Springdale School), challenging the judgment of the district court[1] in favor of Sherry Grace and her parents, the Arkansas State Department of Education and its director, and the State Board of Education and its members. The district court held that the Springdale School could provide Sherry Grace, a profoundly and prelingually deaf child, with a free and appropriate education pursuant to the mandate of the Education for All Handicapped Children Act of 1975, 20 U.S.C.

---

* The Honorable Fred J. Nichol, Senior District Judge, District of South Dakota, sitting by designation.

1. The district court's opinion is reported at 494 F.Supp. 266 (W.D.Ark.1980).

§§ 1401 *et seq.* (the Act), and ordered the school to furnish Sherry with a certified teacher of the deaf. In concluding that this relief satisfied the requirements of the Act, the district court specifically adopted the standard for an "appropriate education" set forth in *Rowley v. Board of Education of the Hendrick Hudson Central School District,* 483 F.Supp. 528, 534 (S.D.N.Y.), *aff'd,* 632 F.2d 945 (2d Cir.1980), *rev'd,* —— U.S. ——, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). The court rejected the school's argument that the Act required that Sherry be sent to the Arkansas School for the Deaf.

 We affirmed on the basis of the *Rowley* standard, 656 F.2d 300, 304–305 (8th Cir.1981), and agreed with the district court that although Sherry might learn more quickly at the School for the Deaf, the Act did not require the state to provide her with the *best* possible education. *Id.* at 304. Moreover, we noted that Sherry's attendance at the Springdale School would be consistent with the Act's mainstreaming goals. *Id.* at 305–306.

The case is before us for a second time upon the order of the United States Supreme Court, —— U.S. ——, 102 S.Ct. 3504, 73 L.Ed.2d 1380, vacating our previous opinion and remanding for further consideration in light of that Court's interpretation of a "free appropriate education" in *Board of Education of the Hendrick Hudson Central School District v. Rowley,* —— U.S. ——, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). Upon a careful review of the Supreme Court's *Rowley* opinion, we find no reason to change the result reached in our original decision.

Section 1412(1) of the Education for All Handicapped Children Act provides federal funds to any state that can demonstrate that it "has in effect a policy that assures all handicapped children the right to a free appropriate public education." 20 U.S.C. § 1412(1). The state must effectuate this policy through a comprehensive state plan and an individualized educational program (IEP) for each handicapped child. *Id.* at §§ 1412, 1413. Both *Rowley* and the present case involve challenges to the plans developed for individual handicapped children pursuant to the procedures set forth in the Act.

*Rowley* arose in connection with the education of Amy Rowley, a deaf student attending a public school in Peekskill, New York. An IEP was developed for Amy that did not include a sign-language interpreter. When Amy's parents challenged this determination administratively, the hearing officer and state educational agency ruled that the IEP as originally developed satisfied the provisions of the Act. The Rowleys then brought suit in district court, claiming that the lack of a sign-language interpreter denied Amy the "free appropriate public education" guaranteed by the Act. The district court agreed, finding that an "appropriate" education meant that each handicapped child must be given an opportunity to achieve his or her full potential commensurate with the opportunity provided to other children. 483 F.Supp. at 534.

The Supreme Court reversed, holding that a state satisfies the requirement of a " 'free appropriate public education' * * * by providing personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction." 102 S.Ct. at 3049, 73 L.Ed.2d at 710. Because Amy was receiving an adequate education and was performing better than the average child in her class, the Court found that her educational needs did not require the provision of a sign-language interpreter, even though she could only comprehend part of what was said in her classroom without the interpreter.

Although the Court declined "to establish any one test for determining the adequacy of educational benefits conferred upon all children covered by the Act," *id.* 102 S.Ct. at 3048, 73 L.Ed.2d at 709, it did suggest that our inquiry in suits brought under the Act was twofold. "First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" *Id.* 102 S.Ct. at 3051, 73 L.Ed.2d at 712 (footnotes omitted).

In the present case, it is clear that the state has complied with the procedures set forth in the Act. An IEP was prepared for Sherry Grace by the Springdale School which noted that Sherry should be taught by a certified teacher of the deaf and which stated that the School for the Deaf was the proper school to meet Sherry's needs. As the Act allows, Sherry's parents challenged that portion of the IEP that recommended placement in the School for the Deaf. Section 1415 of the Act provides that complaints by parents must be resolved at "an impartial due process hearing" with a right to appeal the hearing officer's decision to the state educational agency. *See* 20 U.S.C. §§ 1415(b)(2) and (c). In Sherry's case, the hearing officer reversed the Springdale School's determination, and on appeal by the school, the Coordinator of the Department of Education, Special Education Section, affirmed the hearing officer's decision that Springdale School could offer Sherry an appropriate education by providing her with a certified teacher of the deaf. The Springdale School then initiated this action in district court, challenging the amendment to the IEP that was made through the state administrative process.

Thus, the major issue presented on appeal to this Court is whether the IEP developed through the above proceedings is reasonably calculated to enable Sherry to receive educational benefits. Springdale School has argued that the IEP originally prepared for Sherry should be reinstated because it is unreasonable for the school district to bear the cost of establishing a program for Sherry when the School for the Deaf already has one. Springdale also asserts that its officials have the most expertise regarding the needs of handicapped children, and these officials have decided that the School for the Deaf is the proper placement for Sherry.

Springdale's arguments ignore the primary directives of the Supreme Court in the *Rowley* case. The Court in *Rowley* emphasized that states " 'to the maximum extent appropriate' must educate handicapped children 'with children who are not handicapped.' " 102 S.Ct. at 3037, 73 L.Ed.2d at 696 (citing 20 U.S.C. § 1412(5)). This goal of mainstreaming is served by Sherry's education at the Springdale School rather than at the School of the Deaf. At Springdale, Sherry will be with nonhandicapped children for some of her classes, while at the School for the Deaf she would have no contact with such children.

■ Moreover, the *Rowley* Court stated that "questions of methodology are for resolution by the States." *Id.* 102 S.Ct. at 3052, 73 L.Ed.2d at 713. In this case, despite the judgment of Springdale officials that Sherry's educational needs would best be served by her placement in the School for the Deaf, the state educational agency has determined that she should be placed in the Springdale School. The IEP approved by the Coordinator of the Department of Education, Special Education Section, provides that she receive personalized instruction through a certified teacher of the deaf and through other support services; this instruction will permit her to benefit from the educational opportunity provided at Springdale. Although the School for the Deaf may offer the best educational opportunities for Sherry, the Supreme Court has made it clear that the Act does not require states to make available the *best* possible option. Sherry will receive instruction at Springdale from a certified teacher of the deaf in reading, arithmetic, spelling, telling of time, health, social services, and art along with manual communication, lip reading, writing, and speaking. The cost to the school or the judgment of local authorities do not justify the intervention of this Court to place Sherry elsewhere when the mainstreaming provisions of the Act and the judgment of the state's administrative decisionmakers support a finding that the Springdale School can provide a "free appropriate public education" consistent with the Act.

In conclusion, we believe our original decision affirming the district court is fully consistent with the Supreme Court's mandate in *Rowley*. The district court found that Sherry can receive an appropriate edu-

cation at Springdale School, and we find no error in that determination under the test enunciated by the *Rowley* Court.

Affirmed.